UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 1:21-CV-23412-DPG

ROY L. VARNIER

      Plaintiff,

v.

DR. FRANCK PAPILLON, et al

      Defendants.
_____/

### DEFENDANTS SECRETARY MARK INCH AND ASSISTANT WARDEN AUGUSTO MARTINEZ'S REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION IN RESPONSE TO MOTION TO DISMISS COMPLAINT

Pursuant to Rule 12(b)(6) and Rule 12(b)(1), Fed. R. Civ. P., and Local Rule 7.1, Defendants Secretary Mark Inch and Assistant Warden Augusto Martinez by and through undersigned counsel, file this reply to Plaintiff's Supplemental Opposition in Response to Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim and based on Qualified and Eleventh Amendment Immunities (ECF 31).

### I.    RESPONSE

Plaintiff argues that Assistant Warden Martinez is not eligible for the defense of qualified immunity because the Assistant Warden was "clearly on notice that he could not, as he did, ignore his medical needs." (EFC 31, Paragraph 2). This is not the standard for deliberate indifference, nor does it leave the Assistant Warden ineligible for the defense of qualified immunity. To prove deliberate indifference, the Plaintiff must present facts that (1) Assistant Warden Martinez was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, (2) that he actually drew that inference, (3) that he disregarded the

risk of serious harm, and (4) his conduct amounted to more than gross negligence. *McBride v. Houston Cty. Health Care Authority*, 658 F. App'x 991, 997 (11th Cir. 2016)

Having had the opportunity to supplement his opposition to the defense motion to dismiss, Plaintiff only goes so far as to say that the Assistant Warden was on notice of his medical needs, based on Plaintiff's "flurry of grievances" and what he states was a verbal confrontation (EFC 31, Paragraph 3). Plaintiff provides no details of either this verbal confrontation or the grievances in his Complaint or his Opposition or Supplement. A "bare, conclusory allegation … is insufficient, without more, to warrant further evidentiary consideration." *Taylor v. Singletary*, 148 F.3d 1276, 1285 (11th Cir. 1998). Moreover, Asst. Warden Martinez is not a medical doctor and has no ability to assess a medical issue or second-guess the physician's orders.

Further, the case law Plaintiff cites does not support his position. The elements of the law are clear, and notice is insufficient to establish deliberate indifference. *McBride* at 998. In *McBride*, the case that Plaintiff cites in support of his opposition, the inmate was a pre-trial detainee at a county jail who suffered extreme pain, fever, and necrosis of 30% of her body after reacting to Lamictal, a prescribed bipolar medication. *Id* at 998. This resulted in her being treated in an Intensive Care Unit for 10 days after she was released from jail. *Id* at 998. The inmate filed a claim of deliberate indifference against, among others, the administrator of the jail. *Id* at 998. This administrator sat in an office no more than 20 feet from the inmate for several days, as the inmate consistently and repeatedly screamed for help because she was suffering from this potentially lethal side effect. *Id* at 994 The court in *McBride* found that the district court erred in denying the administrator qualified immunity and that although the administrator could be found

to be negligent, negligence was insufficient to establish a claim of deliberate indifference and dismissed the claim against the jail administrator. *Id* at 998.

Qualified immunity is only defeated when a plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Immunity is "the rule, not the exception." *Rowe v. Schreiber*, 139 F.3d 1381, 1384 (11th Cir. 1998). The elements of deliberate indifference and the elements of qualified immunity are then inextricably intertwined in this context. And as Plaintiff has failed to establish a constitutional violation of deliberate indifference against Assistant Warden Martinez, he is entitled to qualified immunity.

## II. CONCLUSION

Plaintiff has failed to plead a valid cause of action against Defendants in their individual capacity and dismissal is required. Plaintiff has failed to state a constitutional claim against Defendants in their individual capacity, dismissal of that claim also should be with prejudice. *See*, *Gary v. U.S.*, 540 F. App'x 916, 917 (11th Cir. 2013) ("[A] district court need not allow amendment when it would be futile."). Further, Plaintiff's claims against Defendants are barred by qualified immunity.

                                    Respectfully submitted,

                                    ASHLEY BROOKE MOODY
                                    ATTORNEY GENERAL

                                     Martha Hurtado
                                    MARTHA HURTADO
                                    Assistant Attorney General
                                    Fla. Bar No: 103705
                                    OFFICE OF THE ATTORNEY GENERAL
                                    110 S.E. 6th Street, 10th Floor
                                    Ft. Lauderdale, Florida 33301
                                    Telephone:   954-712-4684
                                    Facsimile:    954-527-3702

Martha.Hurtado@myfloridalegal.com
Attorney for Defendants Inch and Martinez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on the following *pro se* party by U.S. Mail.

*Martha Hurtado*
Martha Hurtado
Assistant Attorney General

Varnier, Roy Lee, (*pro se* plaintiff)
6116 Magnolia Park Blvd
Riverview, FL 33578
Royvanier66@gmail.com