IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROY L. VARNIER,

    Plaintiff,

vs.

DR. FRANCK PAPILLON, CHIEF HEALTH OFFICER (D.C.I.), DR. A. PINO, M.D., (S.F.R.C.), MR. MARK INCH, Secretary (D.O.C.), MR. A. MARTINEZ, ASSISTANT WARDEN (D.C.I.),

    Defendants.

Case No.: 1:21-cv-23412-DPG

## DEFENDANT DR. A. PINO'S REPLY TO PLAINTIFF'S MOTION IN OPPOSITION TO DR. A PINO'S MOTION TO DISMISS COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, Defendant Dr. A. Pino ("Dr. Pino") files this Reply to Plaintiff Roy L. Varnier's Motion in Opposition to Dr. A. Pino's Motion to Dismiss Complaint (ECF No. 42). In his Motion in Opposition, Mr. Varnier makes two arguments. First, Mr. Varnier argues Dr. Pino cannot raise a failure to state claim defense in a motion to dismiss because the Court pre-screened the Complaint. And second, Mr. Varnier argues Dr. Pino's Motion to Dismiss was untimely. Dr. Pino responds as follows:

Mr. Varnier appears to argue Dr. Pino cannot raise a failure to state a claim defense because the Court has already screened the Complaint under section 1915(e) of the Prison Litigation Reform Act. While the Court has pre-screened Mr. Varnier's Complaint for failure to state a claim (ECF No. 5), such pre-screening does not prohibit Dr. Pino from raising a failure to state a claim defense in a later motion to dismiss. *See Dittmer v. Bradshaw*, No. 12-81309, 2015 WL 471371, at *4 (S.D. Fla. Feb. 4, 2015) ("[A] complaint that passes a screening [under § 1915(e)] does not necessarily pass a motion to dismiss, and passing a screening does not render a motion to dismiss

moot."). "The sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring." *Id*. Accordingly, Dr. Pino is entitled to raise a failure to state a claim defense in his motion to dismiss.

Mr. Varnier further argues Dr. Pino's motion to dismiss was untimely under "Federal Rule of Civil Procedure 1.140."[1] However, Dr. Pino's motion to dismiss was timely filed under Federal Rule of Civil Procedure 12, which requires that an answer be served "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1). Dr. Pino was served on January 4, 2022, making his response to the Complaint due on January 25, 2022. (ECF No. 37). Dr. Pino filed his Motion to Dismiss on January 25, 2022. (ECF No. 40). As such, Dr. Pino timely responded to the Complaint under Rule 12.

Respectfully submitted:

/s/ W. Blair Castle
Brian A. Wahl (FBN 95777)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Federal Place-1819 5th Avenue, N.
Birmingham, AL  35203
Telephone: (205) 521-8000
Fax: (205) 521-8800
Primary Email:     bwahl@bradley.com
Secondary Email:  tramsay@bradley.com

Jacob Hanson (FBN 91453)
W. Blair Castle (FBN 1031504)
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 North Tampa Street, Suite 2200
Tampa, FL  33602
Telephone: (813) 559-5500
Fax: (813) 229-5946
Primary Email:     jhanson@bradley.com
Secondary Email:  tabennett@bradley.com
                  sdhayes@bradley.com
Primary Email:     bcastle@bradley.com
Secondary Email:  pskidmore@bradley.com

---

[1] The undersigned assumes Mr. Varnier is referring to Florida Rule of Civil Procedure 1.140, which requires a defendant to serve answer within 20 days after service of original process.

*Counsel for Defendants Dr. Franck Papillon and Dr. A. Pino*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record and that a true and correct copy of the foregoing was served, via U.S. Mail, on the following non-CM/ECF participant:

Roy L. Varnier
6116 Magnolia Park Road
Riverview, FL 33578
*pro se Plaintiff*

/s/ *W. Blair Castle*
*Counsel for Defendants Dr. Franck Papillon and Dr. A. Pino*